■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROMANO, Appellant. [605 NYS2d 113] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered April 23, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early hours of October 8, 1991, a livery cab driver was robbed at knifepoint, in his cab, by the defendant and an unapprehended accomplice. The victim's money and cab were stolen. A few hours later, the victim and his friends observed the defendant in the stolen cab and apprehended him, detaining him until the police arrived.

Claiming that he had merely borrowed the cab from a friend and had nothing to do with any robbery, the defendant contends that the People failed to prove his guilt beyond a reasonable doubt. The issue of legal sufficiency was not preserved for appellate review since the defendant's motion for a trial order of dismissal was not specific *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the testimony reveals that the victim had adequate opportunity to view the defendant's face for the approximately 12-block ride in the cab during the robbery; and that when apprehended, the defendant possessed a knife that was identified by the victim as the one used during the robbery. Furthermore, the victim overheard the defendant's accomplice in the back seat of the cab refer to the defendant by the defendant's admitted alias, "Charlie", during the robbery. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.